CASE No. 959.

## STATE v. WEEKS.

1. Trial justices have no jurisdiction of the offence of stealing, taking away or letting loose a boat under the act of 1695, (2 *Stat.* 105, and *Gen. Stat., ch. CXXIX.,* § 10,) for whether the offence be larceny or trespass, subject to criminal prosecution, the penalty, being indefinite in amount, may exceed the limits prescribed for such inferior court.

2. Damages, indefinite in amount, given by statute for a trespass, may not be sued for in a trial justice's court.

3. A forfeiture of $20 cannot be recovered in a trial justice's court, under a statute which provides for its recovery in a court of record.

4. A trial justice's court being an inferior court, has jurisdiction only of matters expressly conferred; and the act of 1695 does not expressly confer jurisdiction, nor are the penalties therein provided within the terms of the general grant contained in Chapter XXV., of the general statutes.

Before ALDRICH, J., Orangeburg, October, 1879.

The case is fully stated in the opinion.

*Mr. Joseph M. Skinner,* for appellant.

*Mr. Solicitor Jervey,* contra.

January 10th, 1881. The opinion of the court was delivered by

McIVER, A. J. This is an appeal from the judgment of the Circuit Court affirming a judgment rendered by a trial justice in a prosecution under an old act passed in 1695, (2 *Stat.* 105), incorporated in General Statutes, Chapter CXXIX., Section 10, page 716. The phraseology of the act is not free from obscurity, and is as follows: "Whoever shall steal, take away or let loose any boat * * * shall be liable to such fine or fines as the court shall, in their discretion, think fit, if the matter of fact be felony or larceny, and make good to the person or persons injured all damages they shall sustain; and in case the matter of fact be a trespass only, the person or persons commit-

ting such offence shall make good to the person injured all damages that may accrue thereby, and moreover forfeit and pay, for every time he or they shall be found guilty thereof, the sum of twenty dollars, one moiety to him or them that will sue and prosecute for the same in any court of record in this state, besides his charges therein expended."

In this case proceedings were commenced in the usual way by an affidavit, in which the prosecutor charged that the defendant "did feloniously break loose, steal and take away" a certain boat belonging to the prosecutor, upon which a warrant, in the usual form, was issued. Under this warrant the defendant was arrested and carried before the trial justice, who upon a preliminary examination, decided "that there is no cause of action for a felony but sufficient cause for a trespass," whereupon the words "feloniously" and "steal" were erased from the papers and the defendant was tried for trespass. The jury charged with the case returned the following verdict: "We find for the plaintiff $5." For some reason, not disclosed by the "case" submitted here, this verdict was erased, but by what authority or by whose directions, does not appear, and another verdict was returned in the following words: "We, the jurymen on this case, after mature consideration, unanimously find the defendant, R. F. Weeks, guilty of trespass, and in consideration thereof find [meaning fine, we suppose,] the said R. F. Weeks the sum total of $5 for damages." Upon this verdict the trial justice rendered judgment for $20 forfeiture under the statute, and $5 damages found by the jury, together with $16.05 costs.

As it is very clear that the trial justice had no jurisdiction of the case, it will not be necessary to consider in detail the several errors alleged in the grounds of appeal as having been committed in the course of this anomalous proceeding.

If the offence charged should prove to be a larceny, then, certainly, the trial justice had no jurisdiction, for the only limit to the amount of the fine to be imposed is the discretion of the court, while a trial justice's jurisdiction is limited to the trial of such offences as are punishable by a fine not exceeding $100, or imprisonment not exceeding thirty days. If, however, the offence should prove to be "a trespass only," then, conceding

2 c

what is by no means clear, that it was the intention of the act to make it the subject of a criminal prosecution, the penalty is not limited in amount but is indefinite, and may exceed the limits prescribed for the jurisdiction of a trial justice; for the act provides that "the person or persons committing such offence shall make good to the person injured all damages that may accrue thereby, and moreover forfeit and pay for every time he or they shall be found guilty thereof the sum of twenty dollars, one moiety thereof to be paid to the state treasurer for the public use, the other moiety to him or them that will sue and prosecute for the same in any court of record in this state." Now if this language should be construed as providing for two proceedings— one in which the person injured seeks damages, and the other in which an informer sues for the forfeiture—it is still obvious that the trial justice could not take jurisdiction of either; for in the former case the damages to be recovered being indefinite in amount, cannot be said to be within the jurisdiction of an officer who is limited to a certain definite amount; while in the latter, though the amount of the forfeiture is within the jurisdiction of a trial justice, yet, as the statute expressly provides that the forfeiture is to be sued for in a *court of record*, and as a trial justice's court is not a court of record, that officer is thereby excluded from taking jurisdiction. In addition to this, trial justices' courts being courts of inferior and limited jurisdiction, cannot take jurisdiction of any case except where it is conferred by some statute. The statute under which the prosecution in this case was commenced does not confer jurisdiction upon a trial justice, and the offence here charged is not specifically mentioned among those enumerated in Chapter XXV., general statutes, in which the "criminal jurisdiction" of trial justices is defined; and it does not come within that general class which is there described as "offences which may be subject to the penalties of either fine or forfeiture not exceeding one hundred dollars, or imprisonment in the jail or work-house not exceeding thirty days," because, while the forfeiture attached to this offence is less than the sum above stated, that is not the only penalty; for, as we have seen, the statute provides that the person committing this offence "shall make good to the person injured all damages

that may accrue thereby, and *moreover* forfeit and pay for every time he or they shall be found guilty thereof the sum of twenty dollars."

The judgment of the Circuit Court is reversed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.